UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS CHANG, et al., | Case No: C 15-4591 SBA |
| Plaintiffs, | **ORDER SETTING BRIEFING SCHEDULE** |
| vs. | |
| CITY OF PACIFICA, et al., | |
| Defendants. | |

Plaintiffs, the survivors and heirs of decedent Errol Chang ("Errol"), bring the instant wrongful death and survival action against Daly City, Pacifica, and the officers allegedly involved in causing Errol's death. Pursuant to 42 U.S.C. § 1983, the Complaint alleges federal claims for excessive force and violation of substantive due process (based on the interference with familial association). Plaintiffs also advance supplemental state law claims for negligence (styled as causes of action for negligence and respondeat superior).[1]

On March 30, 2018, the Court granted in part and denied in part the Daly City Defendants and Pacifica Defendants' respective motions for summary judgment.[2] Dkt. 71. The Court granted summary judgment on Plaintiffs' excessive force claims, finding that the

---

[1] Plaintiffs also alleged a claim for violation of the Ralph Act, which they voluntarily dismissed.

[2] The Pacifica Defendants are: Pacifica; Police Chief Jim Tasa; Officer Steven Stump; Officer Jesus Aranda; Sgt. Victor Romero; and Cpl. William McDonald. The Daly City Defendants are: Daly City; Police Chief Manuel Martinez, Jr.; Capt. Joe Spanheimer; Capt. Daniel Steidle; Sgt. Harold Rolfes; Officer Mario Busalacchi; Officer Steven Woelkers; and Sgt. Duane Wachtelborn.

shooting of Errol was justified in light of his knife attack on one of the officers. Id. at 13-17. Given that determination, the Court found that Defendants' alternative argument under the doctrine of qualified immunity was moot. Id. at 30. With regard to Plaintiffs' claim for denial of substantive due process, the Court concluded that there are genuine issues of material fact that preclude judgment as a matter of law. Id. at 17-26. The Court noted that Defendants did not assert a qualified immunity defense as to this claim. Id. at 30. But even if they had, the presence of disputed factual issues renders summary judgment based on qualified immunity inappropriate. Id. at 30-31. Finally, the Court found that there are genuine issues of material fact precluding summary judgment on Plaintiffs' negligence claims. Id. at 31-36.

Following the issuance of its summary judgment ruling, the Court set a further case management conference ("CMC") for April 26, 2018. The purpose of the CMC was to reset the trial date, which had been vacated due to the pendency of the aforementioned motions. Shortly before the CMC, however, Defendants moved to continue the CMC to May 2, 2018, due to the unavailability of one of the Daly City Defendants' counsel. The Court granted the request. On April 27, 2018—the day after the original CMC date—the Daly City Defendants and Pacifica Defendants separately filed Notices of Appeal, challenging the denial of qualified immunity as to Plaintiffs' substantive due process claim. Dkt. 77, 78. Moreover, in their CMC statement filed in anticipation of the May 2 CMC, Defendants provide no proposed dates for trial, asserting instead that their appeals completely divest this Court of jurisdiction to proceed with any claim in this action, including Plaintiffs' state law claims. Dkt. 75 at 12; Dkt. 79 at 1. They further maintain that the action is automatically stayed during the pendency of their appeals. Id.

Under 28 U.S.C. § 1291, circuit courts generally lack jurisdiction to hear interlocutory appeals from the denial of summary judgment. Isayeva v. Sacramento Sheriff's Dep't, 872 F.3d 938, 944 (9th Cir. 2017). "But an exception arises where the movant was denied summary judgment based on qualified immunity." Id. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law,

is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). As such, "a *proper* appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial…." Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (emphasis added).[3] Nonetheless, "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." Id.

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." Marks v. Clarke, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996). An appellate court lacks jurisdiction over an appeal based on qualified immunity where the district court's decision is predicated on a disputed factual record. Johnson v. Jones, 515 U.S. 304, 319-20 (1995) ("[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."); George v. Morris, 736 F.3d 829, 836 (9th Cir. 2013) ("Any decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal.'") (quoting in part Eng v. Cooley, 552 F.3d 1062, 1067 (9th Cir. 2009)). Here, the Court found that "there are factual disputes present that render summary judgment based on qualified immunity inappropriate." Dkt. 71 at 31 (citation omitted). In view of that finding, Defendants' appeal may not be "proper."

Appellate jurisdiction also may be lacking where a claim of qualified immunity has been waived. See Summe v. Kenton Cnty. Clerk's Office, 604 F.3d 257, 269-70 (6th Cir.

---

[3] Defendants' contention that their appeals automatically divest the Court of jurisdiction over Plaintiffs' state law claims is incorrect. Nelson v. City of Davis, 685 F.3d 867, 875 n.2 (9th Cir. 2012) (defendant's appeal on qualified immunity grounds did not vest appellate court with jurisdiction to review the denial of summary judgment as to the state law claims). Therefore, even if the Court were divested of jurisdiction over the Plaintiffs' remaining federal claim, the case continues to proceed as to the state law claims. To hold those claims in abeyance, Defendants must first file a stipulation or motion to stay, which they have yet to do.

2010) (defendant waived qualified immunity defense on appeal by virtue of having failed to raise the defense in his summary judgment motion); see also Indep. Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (holding that issues that are not "specifically and distinctly" presented in a party's moving papers are deemed to have been waived). In their motion papers, Defendants expressly raised a qualified immunity defense to Plaintiffs' excessive force claims, but did not raise such a defense with respect to the claim for substantive due process. As such, for purposes of the summary judgment proceeding, Defendants' ability to challenge the Court's ruling may be deemed to have been waived.

In view of the foregoing, IT IS HEREBY ORDERED THAT Defendants shall show cause why their appeals from the Court's summary judgment ruling should not be certified as frivolous and/or waived. Defendants shall jointly file a single response, not to exceed ten pages, by no later than May 22, 2018. Plaintiffs shall file their response, not to exceed ten pages, by no later than May 30, 2018. The parties' briefs shall include a table of contents and table of authorities, which will not be counted against the ten page limit.

IT IS SO ORDERED.

Dated: 5/14/18

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge